**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 25-14341-CIV-CANNON/Maynard**

**JOHNNA SWANFELD**,

      Plaintiff,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION**
and **FREEDOM MORTGAGE CORPORATION**,

      Defendants.

_____/

## OMNIBUS ORDER ON REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Maynard's Report and Recommendation (the "Report"), issued on March 13, 2026 [ECF No. 30]. The Report recommends that Defendant Freedom Mortgage Corporation's ("Freedom") Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 20] be granted and that the Complaint [ECF No. 1] be dismissed without prejudice as a shotgun pleading, with leave to replead. Plaintiff filed an Objection to the Report [ECF No. 32], and Freedom filed a Notice of Non-Objection [ECF No. 31]. Upon review of the Report and the full record, the Report [ECF No. 30] is **ACCEPTED**, and the Motion [ECF No. 20] is **GRANTED** for the reasons stated in the Report. Plaintiff may file an amended complaint on or before **June 5, 2026**, in accordance with the directives set forth herein. Defendant Citizens Property Insurance Corporation is also **DISMISSED WITHOUT PREJUDICE** for failure to serve.

### BACKGROUND

On September 15, 2025, Plaintiff Johnna Swanfeld, proceeding *pro se*, filed a Complaint against two defendants: Defendant Freedom Mortgage Corporation ("Freedom"), the servicer of a mortgage on property co-owned by Plaintiff and Joseph Nelson (the "Property"), and Defendant Citizens Property Insurance Corporation ("Citizens"), the

1

Property's insurer [ECF No. 1]. The Complaint asserts six counts arising from Defendants' alleged mishandling of Plaintiff's loss mitigation efforts: violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and the Fair Housing Act; 42 U.S.C. §§ 3601–3619 (Counts I and II; breach of contract and breach of the implied covenant of good faith and fair dealing (Counts III); violation of Florida's Unfair Insurance Trade Practices Act, Fla. Stat. § 626.9541 (Count IV); common law defamation (Count V); and violation of civil rights pursuant to 42 U.S.C. § 1983, citing the Fourteenth Amendment [ECF No. 1 pp. 3–4].

This matter was initially assigned to Magistrate Judge Maynard pursuant to Administrative Order 2025-11 [ECF No. 5]. Plaintiff timely effectuated service on Freedom [ECF No. 12]. But as to Citizens, Plaintiff attempted service only once, on December 10, 2025, as reflected by a summons returned unexecuted indicating that Citizens, as a licensed insurance company, could not be served by the Marshals Service and instead required service through an online portal [ECF Nos. 13, 25-1].

On March 13, 2026, Magistrate Judge Maynard issued the instant Report, recommending that the Motion be granted and that the Complaint be dismissed without prejudice as a shotgun pleading falling within the second and fourth categories identified in *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)—i.e., a complaint "replete with . . . immaterial facts not obviously connected to any particular cause of action" and one "assert[ing] multiple claims against multiple defendants without specifying which . . . defendants are responsible for which acts or omissions" [ECF No. 30 pp. 3–4]. Freedom does not object to the Report [ECF No. 31]—but Plaintiff does, as reflected through an Objection dated March 19, 2026, combined with a Notice of Filing Amended Complaint [ECF Nos. 32, 33]. As to the outstanding service issue regarding Citizens, Plaintiff filed a Notice in which she acknowledges "the service issue" and "requests that service be

corrected and reissued" but indicates no further efforts to effectuate service [ECF No. 25].  The Report is now ripe for adjudication.

## LEGAL STANDARDS

To challenge a magistrate judge's proposed findings and recommendations, a party must file specific written objections identifying the portions to which the objection is made. Fed.  R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  The Court reviews de novo any portion of the report properly objected to and may accept, reject, or modify the recommendation.  28 U.S.C. § 636(b)(1).  When no specific objection is lodged, the Court may accept the recommendation if there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.

The Federal Rules of Civil Procedure require service of a summons with a copy of the complaint to be perfected upon defendants within 90 days after the filing of the complaint.  *See* Fed. R. Civ. P. 4(m).

## DISCUSSION

Plaintiff's so-called "Objection" is not, in substance, an objection: it neither contests the Report's conclusion that the Complaint is a shotgun pleading falling within the second and fourth *Weiland* categories nor identifies any portion of the Report's analysis as erroneous.  Instead, the filing simply explains how Plaintiff's proposed Amended Complaint would cure the deficiencies identified by Magistrate Judge Maynard [ECF No. 32 pp. 1–2].  That does not satisfy Rule 72(b)(3), which requires "specific written objections" to identifiable portions of the recommendation.  *See Sorhegui v. Park E. Home Owners Ass'n Inc.*, No. 24-23162-CV, 2025 WL 926399, at *1 n.3 (S.D. Fla. Mar. 27, 2025) ("Federal Rule of Civil Procedure 72(b)(2) requires the objecting party to file specific written objections to the proposed findings and recommendations.").  With no specific objection from Plaintiff or Freedom—which filed a Notice of Non-Objection [ECF No. 31]—the Report is treated as

unopposed.  And following review, the Court finds no clear error in the well-reasoned Report.

As to Citizens, the Report correctly observes that "Citizens Property Insurance has not been served or appeared through counsel" [ECF No. 30 p. 2 n.1].  The record bears that out: the sole summons returned as to Citizens was returned unexecuted [ECF No. 25-1], and there still is no proof of service on the docket.  Under Florida law, service through the Florida Department of Financial Services' secure online portal upon the Chief Financial Officer, as the licensed insurer's statutory agent, "shall be the sole method of service of process upon an authorized . . . insurer in this state." Fla. Stat. § 624.422(3); *see also id.* §§ 624.422(1), 624.423(1).  Plaintiff's only response to the unexecuted summons is a one-page Notice in which she "acknowledges the service issue" and "requests that service be corrected and reissued" [ECF No. 25], without addressing the portal-service requirement that defeated the original attempt or explaining why a reissued summons would remedy that defect.  Plaintiff has taken no further action.

Ultimately ,under Rule 4(m), Plaintiff had 90 days—until December 15, 2025—to perfect service on Citizens or to seek an extension upon a showing of good cause. *See* Fed. R. Civ. P. 4(m).  Various months later, Plaintiff has not perfected service or identified good cause for another extension.  Citizens is therefore dismissed as a party to this action.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 30] is **ACCEPTED**.

2. Defendant Freedom Mortgage's Motion to Dismiss [ECF No. 20] is **GRANTED** for the reasons stated in the Report.

3. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Report.

4. Plaintiff may file an amended complaint that is consistent with this Order on or before **June 2, 2026**.  Plaintiff is cautioned to review and avoid the shotgun

pleading deficiencies identified in *Weiland*, 792 F.3d at 1313.  Further, each count must identify the particular legal basis for liability, separate each claim into a separate count, and incorporate and/or allege the specific factual allegations that support each cause of action within each count.  Each claim must clearly explain which particular defendants are being sued under that claim and what each particular defendant did in reference to that claim.  Additionally, each claim must provide supporting facts to show why said defendant(s) are being sued under that claim and identify clearly the legal basis underlying each count asserted.

5. Defendant Citizens Property Insurance Corporation is **DISMISSED WITHOUT PREJUDICE** for failure to serve under Federal Rule of Civil Procedure 4(m).  The Clerk is directed to **TERMINATE** Citizens as a party to this action.

**ORDERED** in Chambers at Fort Pierce, Florida, this 14th day of May 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

Plaintiff, via email (ECF No. 4)